UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------- x
TRUSTEES OF THE LOCAL 813                  :
INSURANCE TRUST FUND, THE LOCAL            :
1034 PENSION TRUST FUND, AND THE           :
LOCAL 813 and LOCAL 1034 SEVERANCE         :        **MEMORANDUM AND ORDER**
AND RETIREMENT FUND,                       :          11-CV-3180 (DLI) (CLP)
                                           :
                    Plaintiffs,            :
                                           :
              -against-                    :
                                           :
WILNER'S LIVERY SERVICE, INC.,             :
                                           :
                    Defendant.             :
-------------------------------------------------------- x
**DORA L. IRIZARRY, U.S. District Judge:**

Plaintiffs, Trustees of the Local 813 Insurance Trust Fund, the Local 1034 Pension Trust Fund, and the Local 813, and Local 1034 Severance and Retirement Trust Fund (collectively, "Plaintiffs" or the "Funds") filed the instant action against Defendant Wilner's Livery Service, Inc. ("Defendant") asserting violations of collective bargaining agreements, the respective trust agreements of the Funds, the Employee Retirement Income Security Act, as amended ("ERISA"), and the Labor-Management Relations Act of 1947 (the "Taft-Hartley Act"). Plaintiffs move to strike certain affirmative defenses in Defendant's Answer to the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(f) ("Rule 12(f)"), and alternatively, to dismiss Defendant's affirmative defense alleging fraud pursuant to Federal Rule of Civil Procedure 9(b) ("Rule 9(b)").[1]   For the reasons set forth below, Plaintiffs' motion is granted in part and denied in part.

---

[1] Plaintiffs move to strike Defendant's affirmative defense of fraud pursuant to Rule 9(b); however, as a technical matter, challenges to affirmative defenses sounding in fraud under Rule 9(b) result in dismissal. *See, e.g.*, *Yurman Design Inc. v. Chaindom Enters., Inc.*, 2000 WL

## BACKGROUND

Plaintiffs are trustees of jointly administered, multi-employer, labor management trust funds established and maintained pursuant to collective bargaining agreements in accordance with section 302(c)(5) and (c)(6) of the Taft-Hartley Act, 29 U.S.C. § 186(c)(5), (c)(6). (First Amended Complaint ("Am. Compl.") ¶ 4, Doc. Entry No. 3.) Plaintiffs allege that Defendant, a provider of passenger transportation services, is a for-profit New Jersey corporation, an employer within the meaning of sections 3(5) and 515 of ERISA, 29 U.S.C. §§ 1002(5) and 1145, and an employer in an industry affecting commerce within the meaning of section 301 of the Taft-Hartley Act, 29 U.S.C. § 185. (Am. Compl. ¶¶ 6, 7, 9.) According to Plaintiffs, Defendant has been a party to a collective bargaining agreement (the "CBA") for the period from January 29, 2008 through January 28, 2011, and Defendant has employed workers who performed work covered by the CBA. (Am. Compl. ¶¶ 8, 9.) Plaintiffs allege that the CBA required Defendant to pay contributions to the Funds on behalf of its employees performing work covered by the CBA at the rates and times set forth therein. (Am. Compl. ¶ 10.)

On or about August 14, 2009, in connection with an audit conducted by the Funds, the Funds' auditor requested that Defendant provide it with records and documents. (Am. Compl. ¶ 21.) Defendant purportedly produced records and documents for the period of 2006 through 2009, but failed to produce complete records and documents for the 2010 year. (*Id.*) Plaintiffs allege that, on June 14, 2011, the Funds' auditor mailed revised audit findings for the years of 2008, 2009, and 2010 to Defendant and requested payment of the amounts owed, but that Defendant has not yet paid the amounts estimated by the audit. (Am. Compl. ¶¶ 22, 23.) Consequently, the Funds brought this action seeking delinquent contributions pursuant to

---

897141, at *3 (S.D.N.Y. July 5, 2000). Accordingly, the Court treats Plaintiffs' motion to strike Defendant's affirmative defense of fraud pursuant to Rule 9(b) as a motion for dismissal.

sections 502(a)(3) and 515 of ERISA, section 301 of the Taft-Hartley Act, the CBA, and the respective trust agreements.  (Am. Compl. ¶ 1.)

Defendant asserted twenty-six affirmative defenses in its Answer to the First Amended Complaint.  (*See* Defendant's Answer to Plaintiffs' Amended Complaint ("Answer"), Docket Entry No. 7.)   On December 9, 2011, Plaintiffs moved to strike thirteen of Defendant's affirmative defenses pursuant to Rule 12(f), and alternatively, to dismiss Defendant's fraud claim pursuant to Rule 9(b).  (*See* Mem. of Law in Supp. of the Mot. to Strike Affirmative Defenses in Answer to the Am. Compl. ("Pls.' Mem.") at 2-3, 8, Docket Entry No. 16.)   Defendant's opposition brief, however, addresses only six of its affirmative defenses, including two affirmative defenses that Plaintiffs have not challenged in this motion.  (*See* Mem. of Law in Opp'n to Pls.' Mot. to Strike Affirmative Defenses ("Def.'s Mem.") at 1-2, 3-6, Docket Entry No. 17.)   Although Plaintiffs contend that Defendant has abandoned the remainder of its affirmative defenses, Defendant does not state expressly that it has done so.  Therefore, the Court will discuss whether Plaintiffs have made a proper showing with respect to all thirteen affirmative defenses.

## DISCUSSION

### I.    Legal Standard

Rule 12(f) allows courts to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  "Three prerequisites must be satisfied before a court may grant a motion to strike defenses."  *F.D.I.C. v. Pelletreau & Pelletreau*, 965 F. Supp. 381, 389 (E.D.N.Y. 1997).  A plaintiff must show that: "(1) there must be no question of fact that might allow the defense to succeed; (2) there must be no substantial question of law that might allow the defense to succeed; and (3) the plaintiff must

be prejudiced by the inclusion of the defense." *In re Beacon Assocs. Litig.*, 2011 WL 3586129, at *1 (S.D.N.Y. Aug. 11, 2011) (quoting *Specialty Minerals, Inc. v. Pluess–Staufer AG*, 395 F. Supp. 2d 109, 111 (S.D.N.Y. 2005)).

A "motion to strike an affirmative defense under Rule 12(f) . . . for legal insufficiency is not favored." *McCaffery v. McCaffery*, 2012 WL 3260299, at *5 (E.D.N.Y. Aug. 8, 2012) (alterations in original) (quoting *William Z. Salcer, Panfeld, Edelman v. Envicon Equities Corp.*, 744 F.2d 935, 939 (2d Cir. 1984), *vacated on other grounds*, 478 U.S. 1015 (1986)).  As a result, a motion to strike "will not be granted unless it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense." *Id.* Thus, the "courts should not tamper with the pleadings unless there is a strong reason for so doing." *Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 893 (2d Cir. 1976) (citations omitted).

Rule 9(b) requires a defendant to plead affirmative defenses alleging fraud with particularity. *Yurman Design Inc. v. Chaindom Enters., Inc.*, 2000 WL 897141, at *3 (S.D.N.Y. July 5, 2000)  To state an affirmative defense with the required particularity, a party must: (1) specify the statements that the party contends were fraudulent; (2) identify the speaker; (3) state where and when the statements were made; and (4) explain why the statements were fraudulent. *Id*.

## II.   Contractual Affirmative Defenses

Plaintiffs rely primarily on the Second Circuit's decision in *Benson v. Brower's Moving & Storage, Inc.*, 907 F.2d 310 (2d Cir. 1990) to argue that eight of Defendant's contractual defenses are barred as a matter of law in ERISA contribution actions.  (Pls.' Mem. at 5-7.)  In *Benson*, the Second Circuit construed section 515 of ERISA, which provides as follows:

4

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collective bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

29 U.S.C. § 1145. The court found that, in enacting this provision, Congress intended to limit the defenses available to an employer when sued by an employee benefit plan, and to permit trustees of plans to recover delinquent contributions efficaciously. *Benson*, 907 F.2d at 314. Accordingly, pension funds, despite being third-party beneficiaries of collective bargaining agreements between employers and unions, are nevertheless "in a position superior to the original promisee [the union], analogous to a holder in due course." *Id.* For this reason, as *Benson* confirms, courts have rejected defenses such as a union's oral agreement not to enforce the terms of the collective bargaining agreement, lack of mutual assent, or unilateral or mutual mistake of fact. *Id.* Additionally, *Benson* identifies only two defenses that have previously been recognized by courts in contribution actions under section 515: "(1) that the pension contributions themselves are illegal, . . . and (2) that the collective bargaining agreement is void (not merely voidable)." *Id.* (citations omitted).

### A.   Defendant's Ninth, Tenth, and Eleventh Affirmative Defenses

Defendant's ninth, tenth, and eleventh affirmative defenses assert that the CBA is unenforceable due to impossibility, no meeting of the minds, and duress. As Plaintiffs note, courts, in reliance on *Benson*, have declined to recognize affirmative defenses that relate to contract formation or that tend to render a contract merely voidable as opposed to void. *See Bricklayers and Allied Craftworkers Local 2 v. C.G. Yantch, Inc.*, 316 F. Supp. 2d 130, 147 (N.D.N.Y. 2003) (dismissing defendants' affirmative defenses and noting that "excluded from the permissible defenses to a Section 515 action are those going to contract formation-such as a

5

lack of a meeting of the minds, unilateral or mutual mistake, or duress") (citations omitted); *Trs. of the ALA–Lithographic Pension Plan v. Crestwood Printing Corp.*, 127 F. Supp. 2d 475, 479 (S.D.N.Y. 2001) (concluding that "evidence offered to prove that [an agreement] is voidable must be excluded under ERISA § 515"); *see also Agathos v. Starlite Motel*, 977 F.2d 1500, 1505-06 (3d Cir. 1992) (rejecting employer's defenses in section 515 action based on economic duress); *Sw. Admins., Inc. v. Rozay's Transfer*, 791 F.2d 769, 775 (9th Cir. 1986) (rejecting employer's defense in section 515 action that there was no meeting of the minds).  Accordingly, there is no substantial question of law, nor any facts, that would allow these defenses to succeed.

Furthermore, the Court credits Plaintiffs' argument that they would be prejudiced by the time and expense of engaging in fact discovery and further litigation concerning defenses that are not recognized in section 515 actions.  Therefore, Plaintiffs' motion to strike Defendant's ninth, tenth, and eleventh affirmative defenses is granted

### B.    Defendant's Sixth Affirmative Defense

In its sixth affirmative defense, Defendant asserts that it "was not legally permitted to recognize Local Union No. 813, International Brotherhood of Teamsters as the exclusive bargaining agent of any employee and/or bargaining unit."   Defendant contends that this affirmative defense is viable because, at the time at the time the CBA was executed, "the Union was not the majority representative of the employees," and "[Defendant] could not recognize the Union" under federal law, thereby making the CBA void.  (Def.'s Mem. at 4-5.)   *Benson* confirms, however, that section 515 of ERISA "prohibits [employers] from raising as a defense . . . the union's alleged lack of a majority status" in ERISA contribution actions, 907 F.2d at 316, and other circuits hold the same.  *MacKillop v. Lowe's Market, Inc.*, 58 F.3d 1441, 1444 (9th Cir. 1995) ("[A]n employer's assertion that the CBA is invalid due to lack of majority status is not a

6

defense in an action brought by an ERISA plan or its trustees to collect employer contributions. Indeed, we conclude that Congress intended to abolish this very defense with the passage of section 515."); *Agathos*, 977 F.2d at 1506 (holding that section 515 did not permit employer's "defense of lack of majority support for the Union") (citations omitted); *Berry v. Garza*, 919 F.2d 87, 91 (8th Cir. 1990) ("Because [defendant] knowingly entered into a facially valid collective bargaining agreement with the Union, he is now estopped from raising the defense of lack of majority status to avoid his obligation to the Fund.").[2]

Accordingly, there is no substantial question of law, nor any facts, that would allow the Defendant to successfully argue that the CBA is invalid due to lack of majority status, and, further, plaintiffs would be prejudiced by the time and expense of litigating this issue. Accordingly, Plaintiffs' motion to strike Defendant's sixth affirmative defense is granted.

### C.    Defendant's Eighth Affirmative Defense

Defendant asserts in its eighth affirmative defense that the CBA is "unenforceable and/or void because it is contrary to public policy."  Both parties agree that viable defenses in a section 515 action can include those defenses that would render a collective bargaining agreement *void*, and not merely *voidable*.  (Pls.' Mem. at 6; Def.'s Mem. at 3-5.)  Plaintiffs further suggest,

---

[2] *Benson*, in relying on the Supreme Court's opinion in *Kaiser Steel Corp. v. Mullins*, 455 U.S. 72 (1982), recognized that employers can still assert the defense that "the pension *contributions themselves* are illegal."  907 F.2d at 314 (emphasis added).  In *Kaiser Steel*, the collective bargaining agreement did not involve "a naked promise to pay money to the union funds;" instead, the agreement contained a purchased-coal provision that obligated the employer to make contributions if it purchased coal from other employers who were not under contract with the union.  455 U.S. at 79.  The Supreme Court held that the coal producer was entitled to the defense that this provision was illegal under the Sherman Act and the National Labor Relations Act.  *See id.*  ("[O]rder[ing] Kaiser to pay would command conduct that assertedly renders the promise an illegal undertaking under the federal statutes.").  Contrary to *Kaiser Steel*, however, here Defendant has failed to advance any argument to suggest that the contributions required under the CBA are themselves illegal.

.

7

without citing any authority, that Defendant's public policy defense necessarily fails because a finding that a collective bargaining agreement is against public policy would merely render an agreement voidable, and not void.  (Pls.' Mem. at 5-7.)  However, courts have held that an agreement that violates public policy would, in fact, render the agreement void, and not merely voidable.  *See Clark v. Buffalo Wire Works Co., Inc.*, 3 F. Supp. 2d 366, 372 n.5 (W.D.N.Y. 1998) (noting that an agreement is void, and not voidable, where "the agreement violates fundamental public policy as reflected in statute or other prevailing caselaw") (citing *Kaiser Steel Corp.*, 455 U.S. at 77); *see also Life Ins. Co. of N. Am. v. Reinheimer*, 497 F. Supp. 2d 254, 258 (D. Mass. 2007) ("A void contract is one that is without any legal effect, for example a contract whose terms are contrary to public policy.") (citing *Oubre v. Entergy Operations, Inc.*, 522 U.S. 422, 431-32 (1998) (Breyer, J. concurring)).  Even though Defendant does not specify the basis for its public policy defense, Plaintiffs have not demonstrated with certainty that such defenses are prohibited under section 515.

Accordingly, Plaintiffs' motion to strike the eighth affirmative defense is denied, so as not to foreclose Defendant from asserting a public policy defense, should any exist.

### D.      Defendant's Thirteenth Affirmative Defense

Pursuant to Rule 12(f) and Rule 9(b), Plaintiffs attack Defendant's thirteenth affirmative defense, which asserts that the CBA is "void due to fraud."  Defendant argues that this defense relates to fraud in the execution, not fraud in the inducement, and is, therefore, permissible under *Benson*.  (Def.'s Opp. Mem. at 5.)  Although fraud in the execution is a viable defense under *Benson*, the Court finds that Defendant's fraud defense can be dismissed on the basis that Defendant has failed to comply with Rule 9(b)'s heightened pleading requirement.  Even at the pleading stage, "[d]efendants must plead their affirmative defenses alleging fraud with the

8

particularity required by [Rule 9(b)]." *Yurman*, 2000 WL 897141, at *3; *see also Safespan Platform Sys., Inc. v. EZ Access, Inc.*, 2011 WL 1118576, at *3 (W.D.N.Y. Feb. 17, 2011); *Smith McDonnell Stone & Co. v. Delicato Vineyards*, 1995 WL 375918, at *6 (S.D.N.Y. June 22, 1995); *Park & Lexington 25th St. Corp. v. Fed. Ins. Co.*, 1995 WL 217552, at *1 (S.D.N.Y. Apr. 13, 1995). Although Rule 9(b) requires a party to specify the statements its contends were fraudulent, identify the speaker, state where and when the statements were made, and explain why the statements were fraudulent, *Yurman Design*, 2000 WL 897141, at *3, Defendant's Answer fails to specify any facts concerning the fraud, let alone the type of fraud alleged to have occurred. Although Defendant has submitted a factual affidavit from its vice president that includes additional details relating to a purported fraud in the execution of the CBA, the Court declines to consider it for the purposes of this motion.[3]

Accordingly, Plaintiffs' motion to dismiss Defendant's thirteenth affirmative defense is granted.

### E.     Defendant's Fifth and Twelfth Affirmative Defenses

Defendant's fifth and twelfth affirmative defenses assert that "Defendant is not and never was a party to a Collective Bargaining Agreement," and that "any signatories to the [Collective Bargaining Agreement] were not agents authorized to enter into such an agreement." As *Benson* confirms, "[a] benefit plan must prove that the employer promised to contribute to the plan in order to succeed on its claim." 907 F.2d at 312. Although the obligation to contribute can be

---

[3] *See Telectronics Proprietary, Ltd. v. Medtronic, Inc.*, 687 F. Supp. 832, 840 n.19 (S.D.N.Y. 1988) ("In deciding a motion to strike, a court will not consider matters outside the pleadings . . . ."). Even if the Court were to consider it, the affidavit, which is not based on personal knowledge and is stated "[u]pon information and belief," fails to identify the name of the union official that purportedly made fraudulent statements, or where or when the statements were made. (*See* Affidavit of Jonathan Wilner, Docket Entry No. 17.)

created by other means, "[g]enerally, an employer becomes obligated to make contributions when it has signed a collective bargaining agreement." *Olivieri v. P.M.B. Constr., Inc.*, 383 F. Supp. 2d 393, 398 (E.D.N.Y. 2005) (citing *Hardy v. Kaszycki & Sons Contractors, Inc.*, 870 F. Supp. 489, 494 (S.D.N.Y. 1994); *Cement and Concrete Workers Dist. Council Welfare Fund v. Lollo*, 35 F.3d 29, 37 (2d Cir. 1994).

Accordingly, the fifth and twelfth affirmative defenses, which appear aimed at negating an element of Plaintiffs' claim, are better treated as specific denials, and their inclusion should not be prejudicial to Plaintiffs.[4] *See, e.g.*, *Ellis v. Cygnus Enters.*, *LLC*, 2012 WL 259913, at *4 (E.D.N.Y. Jan. 3, 2012). ("[C]ourts do not generally strike material in an answer for the reason that it is not technically an affirmative defense, so long as no prejudice results.") (citations omitted); *In re Beacon Associates Litig.*, 2011 WL 3586129, at *2) (concluding that despite "party's improper pleading as an affirmative defense, its inclusion and treatment as a specific denial is not prejudicial, as it will in no way expand the scope of discovery or complexity of issues at trial) (citation omitted).

Therefore, Plaintiffs' motion to strike Defendant's fifth and twelfth affirmative defenses is denied.

---

[4] Plaintiffs argue that Defendant's fifth and twelfth affirmative defenses are frivolous given that the parties provided the Court with a copy of the CBA. (*See* Pls. Reply Mem. of Law in Supp. of the Mot. to Strike Affirmative Defenses in Answer to the Am. Compl. at 2-3 n.1, Docket Entry No. 18.) Whatever doubts Plaintiffs have about the merits of those defenses, they are best reserved for a summary judgment motion, and not a motion to strike. *See In re Beacon Associates Litig.*, 2011 WL 3586129, at *2. To the extent the fifth and twelfth affirmative defenses relate to the defense of lack of majority status, that defense is not viable in a section 515 action. *See supra*, Part II.B.

### III.    Remaining Affirmative Defenses

Plaintiffs also move to strike five additional affirmative defenses, which assert that:  1) Plaintiffs' claims are barred by the doctrine of laches (first affirmative defense); 2) Plaintiffs are equitably estopped from asserting a claim against Defendant (second affirmative defense); 3) Plaintiffs are barred from recovery due to unclean hands (fourteenth affirmative defense); 4) Plaintiffs' damages are the result of their own conduct and/or misconduct (fifteenth affirmative defense); and 5) Plaintiffs' damages are the result of their own actions and/or inaction (sixteenth affirmative defense).

In contrast to the eight affirmative defenses previously discussed in Part II, Plaintiffs do not argue that these five affirmative defenses are barred under section 515.  (*See* Pls.' Mem. at 5-7.)  In fact, courts have recognized that affirmative defenses like these, which focus on the actions of the Funds as opposed to the formation and enforcement of the CBA, may not be foreclosed under section 515.  *See Williams v. Salt City Painting, Inc.*, 1992 WL 265944, at *12 (N.D.N.Y. Oct. 1, 1992), *reconsidered on other grounds*, 1993 WL 513185 (N.D.N.Y. Dec. 07, 1993) (denying motion to strike and noting that section 515 "may foreclose certain employer defenses which are based on conduct of the parties who negotiated and executed the writing," but may not "*foreclose inquiry into the actions of the fund itself in asserting its rights*") (emphasis in original) (quoting *Laborers' Pension Fund v. Litgen Concrete Cutting & Coring Co.*, 128 F.R.D. 96, 98 n.2 (N.D. Ill. 1989)) (emphasis added); *see also Operating Eng'rs. Local 324 Heath Care Plan v. G & W Constr. Co.*, 2011 WL 6739296, at *4 (E.D. Mich. Dec. 22, 2011) (denying motion to strike where "[p]laintiffs d[id] not cite conclusive authority that the equitable defenses of estoppel, laches and waiver are not available in an ERISA collection case.")  Accordingly,

Plaintiffs have failed to show that there is no question of law or fact that might allow these defenses to succeed.

Plaintiffs, relying on *Coach, Inc. v. Kmart Corporations*, 756 F. Supp. 2d 421 (S.D.N.Y. 2010), argue that the Court should grant its motion because all of the affirmative defenses "are bald conclusory assertions and defendant has not alleged a single fact to support them."  (Pls.' Mem. at 4.)  Although *Coach* suggests that a more detailed pleading of affirmative defenses is required, even where fraud has not been alleged, that approach is far from universal.  *See, e.g.*, *Chevron Corp. v. Donziger*, 2012 WL 3538749, at *16 (S.D.N.Y. July 31, 2012) ("Motions to strike bare-bones or conclusory affirmative defenses are discouraged, and courts regularly deny such attempts.") (citation omitted); *Raymond Weil, S.A. v. Theron*, 585 F. Supp. 2d 473, 489-90 (S.D.N.Y. 2008) ("There is nothing dumber than a motion to strike boilerplate affirmative defenses; it wastes the client's money and the court's time.").  Thus, even though Defendant has pled its affirmative defenses in a conclusory fashion, the Court declines to strike the affirmatives defenses when a question of law remains that might allow them to succeed.

For these reasons, the Court denies Plaintiffs' motion to strike Defendant's first, second, fourteenth, fifteenth, and sixteenth affirmative defenses.

**CONCLUSION**

For the foregoing reasons, Plaintiffs' motion to strike pursuant to Rule 12(f) is granted as to Defendant's sixth, ninth, tenth, and eleventh affirmative defenses, and denied as to Defendant's first, second, fifth, eighth, twelfth, fourteenth, fifteenth, and sixteenth affirmative defenses. Plaintiffs' motion to dismiss Defendant's thirteenth affirmative defense pursuant to Rule 9(b) is granted.


SO ORDERED.

Dated:  Brooklyn, New York
        September 19, 2012

                                    _____/s/_____
                                        DORA L. IRIZARRY
                                    United States District Judge

13